JOHN HEALD *vs.* HIRAM MOORE and others.

Somerset. Opinion March 8, 1887.

*Ways. Openings. Boundaries. Fences. R. S., c. 18, §§ 36, 95.*

A town way, three rods wide, was enlarged, by a new county location, to a width of four rods, one-half rod having been added on each side. But the fences had remained in place on the old road for thirty-seven years after the new location before the town officers interfered with them, when they removed the plaintiff's fence, on one side of the way, from the old to the new line.

*Held*, that the statute provision, that a way duly laid out shall be considered as discontinued unless opened within six years from the time allowed therefor, does not literally apply; the new width is merely an incident of the old; traveling upon the old way is traveling upon the new; it accepts the added width and secures it to the public use.

*Held*, also, that the statutory rule, which provides that a fence, which has continued in the same place on a road for forty years, shall conclusively indicate the line of the road, does not apply, since the forty years do not begin until the last road was laid out.

ON exceptions.

Trespass against certain of the municipal officers of the town of Madison, and their employees, for removing plaintiff's fence from the limits of a way in that town.

*Walton and Walton*, for plaintiff.

We claim that if there be nothing done by the town for six years to indicate a purpose to take that additional rod, that it cannot be done afterwards. R. S., c. 18, § 36.

The land owner is to have damages when the land is taken and not till then. R. S., c. 18, § 7.

We ask, then, how there is any taking if the road as used is exactly as before the location, and the land owners still

occupying up to the fences which mark the bounds of the three rod road.

The real facts in this case are that the road was never legally located. That portion in Cornville was proceeded against by certiorari, that fact ascertained, and every one thereupon supposed it would not do to build the four rod highway,—to go outside of the old three rod road. *Cornville* v. *Co. Com.* 33 Maine, 237; *State* v. *Cornville*, 43 Maine, 427; *State* v. *Madison*, 59 Maine, 538; S. C., 63 Maine, 546.

So far as the opening of the four rod road is concerned, we say, in the language of TENNEY, C. J., in *State* v. *Cornville*, 43 Maine, 428, " It cannot be said, with propriety, that the road has been opened as a whole when nothing at all has been done to that portion which constitutes three-fourths of it, (in this case one-fourth) and the remainder was a road open and used before as such."

The same rule applies to land taken at the side of a road as that taken at the end of the same. There is no difference in principle. The only question is one of fact. Has the location been abandoned? The mere use of the old road, continued as before, does not, necessarily, constitute an opening — such as entering upon and taking possession of that outside the old road for the purpose of construction and use — so far as the new portion is concerned, whether that new portion lies along side or either end of the old road. *Pet. of Mt. Vernon*, 37 N. H. 515.

Such a construction should be given the statute as will protect the rights of owners of real estate, who have purchased property by the side of the highways, the bounds of which are so uncertain that they have actually bought and paid for land which is really within the limits of the highway. *Danvers* v. *Essex Co. Comrs.* 6 Pick. 20.

*Merrill and Coffin*, for the defendants.

Exceptions do not lie because the plaintiff was not aggrieved by the ruling complained of. *State* v. *Pike*, 65 Maine, 111; *Soule* v. *Winslow*, 66 Maine, 451; *Webber* v. *Read*, 65 Maine, 565; *Kilpatrick* v. *Hall*, 67 Maine, 543; *Boothby* v. *Woodman*, 66 Maine, 387; *Decker* v. *Somerset Ins. Co.* 66 Maine, 406.

A highway differs from a town way. *Waterford* v. *Co. Com.* 59 Maine, 453 ; *State* v. *Bigelow*, 34 Maine, 246 ; R. S., c. 18, § § 1, 14.

Trespass cannot be maintained. *Whittier* v. *McIntyre*, 59 Maine, 145 ; *Kimball* v. *Rockland*, 71 Maine, 140 ; *Perley* v. *Chandler*, 6 Mass. 454 ; Angell, Highways, 398 ; *State* v. *Kittery*, 5 Maine, 259.

*C. A. Harrington,* also for defendants.

PETERS, C. J. Only one question in this case needs to be discussed, the findings of the jury having disposed of all others. And that question must be determined against the plaintiff, even accepting the interpretation of the facts as claimed by him. Let it be admitted that the case finds that, in 1804, a town road was laid out, three rods wide, the centre line of which was the southerly boundary of plaintiff's land ; that he built a fence on his side of the road and on his line ; that there was also at the same time a fence on the other side of the road, the located road being three rods in width between fences ; that the same fences have been continued on the same lines ever since they were built ; that, in 1846, the county commissioners laid out the road anew over the old location, but widening it on each side a half rod, thereby making it a four rods road instead of three ; and that a half rod in width of the located road on each side has been within the fences of the coterminous proprietors for thirty-seven years, the fences having existed more than forty years.

The plaintiff invokes certain statutory provisions as sustaining his claim. R. S., c. 18, § § 36, 95. One section provides that a highway which has been duly laid out shall be considered as discontinued unless actually opened within six years from the time allowed therefor. The other provides that a fence which has continued in the same place on a road for forty years, will be justified in remaining thereon,— shall indicate conclusively the true line of the road.

It would seem to be a strange result, if a forty years' continuance of a fence is to dictate the line of a road laid out less than

forty years ago. · Such cannot be the policy or implication of the statute. The widened road became a new road. Plaintiff's fence did not exist on this road before 1846, because that was the beginning of this road's existence. Prior to that time the fence was upon another road,— a road of other dimensions. It is to be presumed that, when the road was widened in 1846, the plaintiff received damages for so much of his land as was taken, including compensation for the expense which a removal of his fence would impose on him. Suppose the fence had been maintained for a full forty years prior to the proceedings of 1846. Would that fact have prevented the widening? Or, suppose the forty years had expired in a week after the latter proceedings. Would the public right be lost if the fence were allowed to continue for a week? The principle would be the same whether the time be a week or many years.

But the new road or new part of it has never been opened, it is argued. The statutory requirement about opening a road, from the nature of things, would not literally apply to a case like this,— would have an application different from what it has where an entirely new road is to be constructed. There was no need of any opening more than to use the general road. There was no occasion for making the traveled path wider than it was. Using any part of the three rods was in effect using the four rods. Opening a part opened all — using a part was using all. The principal road was already opened,— the incident went with it. The public took the plaintiff's land — paid for it — and the moment the traveler passed over the usual traveled track afterwards, the new road, all of the road, became dedicated to the public use. But the fences were not removed within the six years, it is replied. The town neither builds nor maintains fences. The owner should have removed them. The officers of the town attempt to remove them to prevent a forty years' user, and are sued for it in this action. The case relied on by the plaintiff, *State* v. *Cornville*, 43 Maine, 427, does not aid his argument. In that case the addition was in length. and not in width of road — was an extension of new road. The case of

*Baker* v. *Runnels*, 3 Fair. 235, is much more like the case at bar, and strongly opposes the plaintiff's propositions.

*Exceptions overruled.*

DANFORTH, VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.